**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF ALABAMA**

|  |  |
|---|---|
| RESSIE NICOLE LEE (plaintiff) | * |
|  | * |
| VS. | * Case# 1:12-cv-1018- |
|  | * |
|  | * PLAINTIFF DEMANDS JURY TRIAL |
| HOUSTON COUNTY, ALABAMA, SHERIFF | * |
| ANDY HUGHES, COMMANDER KEITH | * |
| REED, OFFICER SAP, OFFICER CHAMPION | * |
| OFFICER HUNTER, UN-NAMED | * |
| DEFENDANTS 1-5 | * |
| (defendants) | * |

RECEIVED

2012 NOV 20 A 8: 24

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

NOW INTO COURT, **Plaintiff, RESSIE NICOLE LEE,** through the undersigned

counsel, asserts the following:

## I. JURISDICTION

The jurisdiction of this court is invoked pursuant to the Acts of Congress known as 28

U.S.CA §1331, as this case involves the violation of the laws of the United States, specifically

the United States Constitution, 42 U.S.C.A. §1983. Furthermore, this court also has supplemental

jurisdiction to hear state law claims under Alabama law pursuant to 28 U.S.C.A. §1367, as all of

the state law claims mentioned throughout this complaint arise out of the same transaction or

occurrence as the violations of federal law.

## II. PARTIES

1. **Plaintiff Ressie Nicole Lee** ("Lee") is a citizen of the United States and the State of Alabama.

2. Made defendants herein are:

(a) **Defendant Houston County, Alabama** ("County") is a political subdivision of the State of Alabama and is the agency which controls the Houston County Jail and apportions funds for the same. The county is a person subject to suit under 42 U.S.C.A. §1983.

(b) **Defendant Officer Hunter** ("Hunter"), in her individual capacity. She is a person subject to suit under 42 U.S.C.A. §1983.

(c) **Defendant Officer Sap** ("Sap"), in his/her individual capacity. He/she is a person subject to suit under 42 U.S.C.A. §1983.

(d) **Defendant Officer Champion** ("Champion"), in his/her individual capacity. He/she is a person subject to suit under 42 U.S.C.A. §1983.

(e) **Defendant Sheriff Andy Hughes** ("Hughes"), in his individual capacity. He is a person subject to suit under 42 U.S.C.A. §1983.

(f) **Defendant Commander Keith Reed** ("Reed"), in his individual capacity. He is a person subject to suit under 42 U.S.C.A. §1983

(g) **Un-named Defendants 1-10**, in their individual capacities. These are the other officers who were at the jail and received requests for relief from the plaintiff. These individuals are persons subject to suit under 42 U.S.C.A. §1983. A more definitive, true, and correct identity of these defendants will be named and substituted once they are ascertained.

## III. FACTUAL ALLEGATIONS

3. The operative facts are as follows: On or about March 14, 2012, Lee was admitted to the Houston County Jail in Dothan, Alabama. Lee recently had a baby and was still bleeding as a result of giving birth. Upon arrival, Lee requested sanitary napkins and tissue from one of the correction officers, who suggested jokingly that Lee "use her clothes or hand." Lee responded by informing this (unknown) officer and Champion, who was with this officer, that she was "bleeding heavily." Officer Champion stated that he could not help at the moment. As a result, Lee bled profusely through her clothes.

4. Later, Lee was transferred to the "TR dorm," where female cellmates offered Lee some of their sanitary napkins, which she used, along with the tissue finally received from one of the correction officers. On March 18, 2012, Lee was still bleeding heavily, at which point another Hunter, came to visit Lee to verify that she had actually been bleeding. Hunter gave Lee some sanitary napkins, which were used within four days; and by the end of the week, Lee had used socks and cut-up clothing to pad herself against the bleeding.

5. Lee asked yet another officer, Sap, for more sanitary napkins after the officer saw that Lee had been using a sock which was now soaked with blood. Sap brought Lee sixteen sanitary napkins. However, Sap returned minutes later and **took the sanitary napkins back** and told Lee that she was going to lockdown.

6. Lee was placed in lockdown for twenty days. For four of those days, Lee bled on the floor through her clothes—after being flatly refused requests for sanitary napkins. Lee bled profusely and persistently during a substantial period of time, bleeding through her clothes and onto the floor and presumably anywhere else she sat or walked during that time. Lee was

compelled to remain dirty, stinking, humiliated, and in great discomfort. Due to the denial of hygiene products, Lee was forced to remain in unsanitary conditions which posed a risk not only to her, but presumably to those around her as well. Also, Lee's health was even more of a concern as she had just given birth, thereby making her more susceptible to infections and other risks associated with extended exposure to unsanitary conditions.

7. During all times pertinent to this action, all of the individual defendants mentioned herein were acting under the color of state law, specifically, Alabama, in their capacity as corrections officers. Moreover, Hughes was and still is the acting sheriff of Houston County and is responsible for all county employees as they are all acting under his direction. Similarly, Reed is the commander (warden) at the Houston County Jail and is responsible for all policies and procedures regarding staffing, personnel, supervision, security, and making sure that all county inmates received adequate food, clothing, shelter, medical care, and hygiene products.

## IV. CAUSES OF ACTION

### A. DECLARATORY RELIEF

8. Plaintiff realleges the aforementioned factual allegations and incorporates them by reference in this claim.

9. Pretrial detainees are protected from punishment, including cruel and unusual punishment, by the Fourteenth Amendment Due Process Clause. Additionally, the Eighth Amendment, which is applied through the Fourteenth Amendment for pretrial detainees, imposes a duty on jail and prison officials to provide humane conditions of confinement, which includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, including basic hygiene. A judgment by this court that Lee had the right to receive sanitary napkins and other similar

hygiene products applicable to her condition would greatly aid both the court and the parties involved in bringing an expedient and just resolution to this matter. Consequently, Lee seeks declaratory relief from this court in this regard.

**B. 42 U.S.C.A. §1983-VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS**

10. Plaintiff realleges the aforementioned factual allegations and incorporates them by reference in this claim.

11. Pretrial detainees are protected from punishment, including cruel and unusual punishment, by the Fourteenth Amendment Due Process Clause. Additionally, the Eighth Amendment, which is applied through the Fourteenth Amendment for pretrial detainees, imposes a duty on jail and prison officials to provide humane conditions of confinement, which includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, including basic hygiene. To state a due process violation analogous to a "cruel and unusual punishment" claim under the Eighth Amendment, a pretrial detainee must show that the defendant(s) *subjectively* knew of and disregarded *objectively* inhumane conditions of confinement that posed a risk to the inmate's health and safety, thereby manifesting a deliberate indifference. As asserted above, both convicted prison inmates and pretrial detainees alike are objectively afforded life's basic necessities, including the basic hygiene products which Lee was clearly denied. Moreover, the defendants, both named and unnamed, were subjectively aware of Lee's condition and need for such hygiene products and not only denied her requests, but laughed and joked at her plight, thereby manifesting a deliberate indifference to her health and safety. Consequently, all of the defendants, named and unnamed, are liable for this claim.

## V.   <u>DAMAGES</u>

12. Lee suffered deprivations of personal liberty and due process under the U.S. Constitution, pain and suffering, mental anguish, loss of personal dignity, humiliation, and any other damages that may be revealed in the discovery and investigation of this suit.

## <u>PRAYER FOR RELIEF</u>

**Plaintiff RESSIE NICOLE LEE,** based on the factual and legal assertions stated herein requests the following relief:

a)  That this Court grant the Plaintiff the declaratory relief requested herein;

b)  That this Court render a judgment finding ALL the Defendants named herein jointly and severally liable for the aforementioned causes of action;

c)  That this Court issue an Order requiring the Defendants to pay the Plaintiff compensatory and punitive damages;

d)  That this Court issue an order requiring the defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action;

e)  Any other relief that the Plaintiff may be entitled to.

Respectfully Submitted:
Attorney for the Plaintiff

Mark A. Overall (AOC# OVE008)
Alabama Bar ID No. 5365-R73O

THE MARK OVERALL LAW FIRM
900 S. Perry Street, Suite A
Montgomery, AL 36104
Telephone: 334.819.4400
Fax: 334.819.4077
Email: mark.overall@overalllaw.com