IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RESSIE NICOLE LEE,

       Plaintiff,

v.

HOUSTON COUNTY, ALABAMA,
*et al.*,

       Defendant.

CASE NO.: 1:12-CV-1018-MEF
(WO—Do Not Publish)

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Ressie Nicole Lee ("Plaintiff" or "Lee") brings this action against Defendants Houston County, Alabama, the Houston County Sheriff, and several correctional officers employed at the Houston County Jail in Dothan, Alabama, alleging violations of her constitutional rights under the United States Constitution. Specifically, Lee claims that her Eighth Amendment right to be free from cruel and unusual punishment was violated when she was detained at the Houston County Jail. This cause is before the Court on the Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #20) filed by Houston County, Alabama (the "County"), pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the submissions of the parties, the Court finds that, for the reasons set forth below, the motion is due to be GRANTED.

## II. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## III. FACTS

On November 20, 2012, Lee filed an action pursuant to 42 U.S.C. § 1983 for alleged violations of her Eighth Amendment right to be free from cruel and unusual punishment. Named as defendants in the suit are the Houston County Sheriff (the "Sheriff") in his individual capacity, several Houston County correctional officers in their individual capacities, unnamed officers at the jail in their individual capacities, and the County.  (Doc. #1.)  The complaint alleges that, on or about March 14, 2012, Lee was booked into the Houston County Jail in Dothan, Alabama.  Lee had recently given birth and was still bleeding as a result.  Upon her arrival at the jail, Lee requested sanitary napkins and tissue from two correctional officers.  The officers did not provide Lee with sanitary napkins or tissue and instead told her to use her hands.  As a result, Lee bled profusely through her clothes.  Later, Lee was given some sanitary napkins from Officer Hunter, but she used them up within four days.  By the end of the week, Lee, still bleeding heavily, used socks and cut-up clothing to pad herself against the bleeding.

After bleeding through the sock she was using, Lee asked Officer Sap for more sanitary napkins, which she gave to her but then immediately took back.  Lee was subsequently placed in lockdown for twenty days.  During this period, Lee bled profusely

and persistently through her clothes and onto the floor.  Lee claims that, during this time, she was compelled to remain dirty, stinking, humiliated, and in great discomfort.

## IV. LEGAL STANDARD[1]

A motion to dismiss tests the legal sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6).  It does not delve into disputes over the proof of the facts alleged—such a crucible is reserved for the summary judgment stage.  With this in mind, the Court accepts as true all well-pled factual allegations in the complaint, viewing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  The Court will grant a motion to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A motion to dismiss also requires compliance with minimal pleading standards.  Indeed, although a plaintiff's complaint generally need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

---

[1] In reaching its decision, the Court did not consider the affidavit of Mark S. Culver, Chairman of the Houston County Commission, which the County attached to its brief in support of its motion to dismiss.  Thus, there is no need to convert the present motion into one for summary judgment under Federal Rule of Civil Procedure 12(d).

*Iqbal*, 556 U.S. 662, 663 (2009).  Moreover, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.  Nor does it suffice if the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  *Id.* at 561.

## V. DISCUSSION

Lee seeks to hold the County liable for the correctional officers' failure to provide her with sanitary napkins, which she claims caused her to suffer humiliation, discomfort, and a potential infection.  In its motion to dismiss, the County argues that it has neither actual nor legal authority to establish rules, policies, or procedures for the Sheriff or the jail, and thus, it cannot be held liable for the actions of the correctional officers.  Lee responds by pointing to Alabama law, as well as Eleventh Circuit jurisprudence, which clearly establishes that a county can be sued when the acts or policies of its sheriff are deliberately indifferent to a substantial risk of serious harm and that harm results in a plaintiff's injuries.  Additionally, Lee contends that sheriffs and deputies are agents of the county they serve because they are paid by the county, bonded by the county, wear uniforms displaying the county name, and drive county vehicles; therefore, Lee reasons that the acts of the Houston County Sheriff and the correctional officers should be imputed to the County.

Houston County may be held liable for claims arising under § 1983 for acts that it is actually responsible for—"acts which [Houston County] has officially sanctioned and ordered."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986) (citing *Monell v. New*

4

*York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  In Alabama, a county does not have the inherent authority to sanction actions that are not expressly delegated to it by the state legislature.  *See Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998). Accordingly, a suit may only be brought against a county for breaching a duty that the Alabama legislature has expressly delegated to it.  *Id.*  Thus, the Court's analysis turns on the duties that are specifically delegated to and within the purview of Houston County under Alabama law.

Alabama counties are given some duties with respect to county jails, but those duties are limited.  *Id.*  To begin, counties are responsible for funding the operation of the jail.  Ala. Code § 11-14-13.  This includes covering necessary expenses such as clothing, bedding, electricity, and sanitation, Ala. Code §§ 11-12-15(a)(1), 11-14-20, and appropriating funds for the salaries of the sheriff and jail personnel.  Ala. Code §§ 11-12-15(a)(2), 36-22-16. However, the United States Supreme Court has held that the duty of Alabama counties to pay sheriffs' salaries "does not translate into control over [them]."  *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 791 (1997).  Alabama counties must also erect and maintain jails that are of sufficient size and strength to secure prisoners.  Ala. Code §§ 11-14-10,-13.  In construing these provisions, Alabama courts "have made clear that the duty of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail," *Turquitt,* 137 F.3d at 1290, and only requires that the county keep the "jail and all equipment therein in a state of repair."  *Keeton v. Fayette Cnty.,* 558 So. 2d 884, 886 (Ala. 1989).

While Alabama counties are delegated the above duties, "none of these duties relates to the daily operation of the jails or to the supervision of inmates." *Turquitt,* 137 F.3d at

1289.  Instead, under Alabama law, the supervision of inmates in county jails is expressly delegated to the sheriffs—not the counties—and sheriffs are controlled by state executive agencies—not the counties.  *See* Ala. Code § 14-6-1 (the sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto"); *Turquitt*, 137 F.3d at 1289.  As such, in Alabama, a sheriff's authority over the daily operations of the jail and the supervision of inmates is independent from the county.  *See King v. Colbert Cnty.*, 620 So. 2d 623, 625 (Ala. 1993).

As previously stated, the County may be held liable for the actions of the Sheriff and the correctional officers only where the injuries sustained by Lee were a result of policymaking on the part of the County, and such policymaking was within the purview of the limited responsibilities delegated to the County through the Alabama legislature.  *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988).  In this case, the County asserts that Lee  has failed to allege any injury that arises out of or relates to any legal duty imposed upon the County under Alabama law, such as dangerous prison conditions resulting from overcrowding or underfunding of the facility.  To the contrary, the complaint merely alleges improper actions on the part of the correctional officers, with no allegations that the County was aware of the purported improper behaviors of the correctional officers, that the County condoned this behavior, or that this behavior was the result of a custom or policy of the County.

While Plaintiff contends that the County's motion must be denied because Alabama law clearly establishes that a county is a corporate body with the power to be sued, (Doc. #27, ¶ 2), this argument ignores the principle that a county may only be sued for actions for

which it is responsible.  *See Pembaur*, 469 U.S. at 479–80.  Indeed, the mere fact that a county may be a proper party to a suit in certain circumstances does not necessitate that the County is a proper party in *this* suit.  Moreover, under *these* facts,  Plaintiff's reliance on *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1997), and *Marsh v. Butler County, Alabama,* 268 F.3d 1014 (11th Cir. 2001), is misplaced.  Both of those cases premised the county's liability on a failure to adequately fund or physically maintain the jail facilities.  *See Hale*, 50 F.3d at 1584; *Marsh*, 268 F.3d at 1027–28.  In this case, however, Lee's claims do not stem from, nor does her complaint allege, any purported failure by the County to adequately fund the jail or to properly maintain it.

Finally, Lee's argument that her suit against the County is proper because the deputies serve the County, are paid by the County, wear "Houston County" uniforms, and drive County vehicles is not persuasive.  As previously noted, the *McMillian* Court held that an Alabama county's duty to pay the sheriff's salary does not translate into control over him, *see McMillian*, 520 U.S. at 791, and the Court is confident that this reasoning equally supports the conclusion that the deputies' wearing of Houston County uniforms and driving county vehicles does not impute liability to the County for Lee's claims.

## VI. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant Houston County's Motion to Dismiss (Doc. #20) is GRANTED, and Plaintiff's claims against Houston County are DISMISSED WITH PREJUDICE.  A separate final judgment is forthcoming.

DONE this the 4th day of September, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE