IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RESSIE NICOLE LEE,<br><br>    Plaintiff,<br><br>v.<br><br>HOUSTON COUNTY, ALABAMA,<br>*et al.*,<br><br>    Defendants. | CASE NO.: 1:12-CV-1018-MEF<br>(WO—Do Not Publish) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ressie Nicole Lee ("Plaintiff" or "Lee") brings this action against Defendants Houston County, Alabama, the Houston County Sheriff, and several correctional officers employed at the Houston County Jail in Dothan, Alabama, alleging violations of her constitutional rights under the United States Constitution. Specifically, Lee claims that her Eighth Amendment right to be free from cruel and unusual punishment was violated when she was detained at the Houston County Jail. This cause is presently before the Court on the Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. #22) filed by Defendants Sheriff Andy Hughes, Commander Keith Reed, and Corrections Deputies Tammy Sapp, Michael Champion, and Tracey Hunter ("Defendants") pursuant to Federal Rule of Civil Procedure 12(b). After reviewing the submissions of the parties, the Court finds that, for the reasons set forth below, the motion is due to be GRANTED.

**I. JURISDICTION AND VENUE**

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). The parties do not claim that the Court lacks personal jurisdiction over them, not do they dispute that venue is proper under 28 U.S.C. § 1391(b). The Court finds adequate allegations supporting both.

**II. FACTS**

On November 20, 2012, Lee filed an action pursuant to 42 U.S.C. § 1983 for alleged violations of her Eighth Amendment right to be free from cruel and unusual punishment. Named as defendants in the suit are the Houston County Sheriff in his individual capacity, several Houston County correctional officers in their individual capacities, unnamed officers at the jail in their individual capacities, and Houston County, Alabama. (Doc. #1.) The complaint alleges that, on or about March 14, 2012, Lee was booked into the Houston County Jail in Dothan, Alabama. Lee had recently given birth and was still bleeding as a result. Upon her arrival at the jail, she requested sanitary napkins and tissue from Officer Champion and another unidentified correctional officer. The complaint asserts that the officers did not provide her with sanitary napkins or tissue and instead told her to use her clothes or hand to stop the bleeding. Lee claims to have bled profusely through her clothes after her request for sanitary napkins was ignored.

Later, Lee was transferred to her dorm, where female cellmates and a correctional officer provided Lee with some sanitary napkins. Four days later, Officer Hunter provided Lee with additional sanitary napkins, but Lee used them up within four days. By the end of

the week, Lee, still bleeding heavily, claims that she used socks and cut-up clothing to pad herself against the bleeding.

Based on Lee's medical records, the medical treatment she sought during the relevant time period was limited to one visit at the jail medical clinic for complaints of a panic attack on March 15, 2012, and one inmate request to the medical department requesting an antacid and Benadryl on March 17, 2012. (Doc. #23-5.) At no point during Lee's visit to the medical clinic did she complain of bleeding profusely, let alone bleeding at all. Additionally, on March 16, 2012, Lee visited the medical clinic for a medical intake evaluation. Lee listed her current medical problems as giving birth five days prior and lupus, but she did not complain of pain, discomfort, or bleeding during the evaluation.

Nevertheless, Lee asserts that on March 26, 2012, after bleeding through the sock she was using, she asked Officer Sapp for more sanitary napkins, which she gave to her but immediately took back. Officer Sapp asserts that she provided Lee with sanitary napkins on March 26, 2012, and never heard any further complaints from Lee regarding the need for sanitary napkins. That same day, Lee was placed in administrative segregation. During this period of segregation, Lee claims that she bled profusely and persistently through her clothes and onto the floor. Lee also claims that during this time she was compelled to remain dirty, stinking, humiliated, and in great discomfort. Lee was released from the Houston County Jail on April 2, 2012.

The parties do not dispute the existence of a grievance procedure at the Houston County Jail during the time of Lee's incarceration. The grievance procedure requires that

an inmate request a grievance form from jail staff and submit said grievance within three days of the event. Upon receiving the grievance, the jail is given 30 days to investigate and answer the grievance. If the inmate is dissatisfied with the response to the grievance, the inmate may appeal the decision within twenty-four hours of the time the inmate is notified of the initial decision.

Lee alleges that, at some time prior to her release from the Houston County Jail on April 2, 2012, she submitted multiple grievances about being denied sanitary napkins. (Doc. #26-1.) Lee asserts that the grievances were ignored and, because she never received any response, she was refused an opportunity to appeal. Additionally, Lee claims that she was told by the correctional officers named as parties to this suit not to submit any more grievances regarding the sanitary napkin issue. (Doc. #26-1, ¶3.) Commander Reed, Officer Hunter, and Officer Sapp submitted affidavits denying that such statements were ever made. (Doc. #29-1, 2, 3.) Moreover, Lee claims that the jail has copies of her grievances but are refusing to produce them "because they are being sued and they know they are wrong." (Doc. #26-1.) (Doc. #29-1, 29-2, 29-3). Commander Reed and Officer Sapp allege that, based on their investigation and knowledge of the events, Lee never filed a grievance regarding any of the claims she alleges in her complaint.

### III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust available administrative remedies prior to suit. *See Bryant v. Rich*, 530 F.3d 1368, 1372 (11th Cir.

2008). Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997. The exhaustion requirement applies to all inmate suits and is not subject to waiver by a court. *See Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998). The United States Supreme Court has determined that "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 87 (2006).

The Eleventh Circuit has established the standard by which district courts should evaluate motions to dismiss for failure to exhaust administrative remedies. The court has explained that "the defense of failure to exhaust should be treated as a matter in abatement and not an adjudication on the merits." *Bryant,* 530 F.3d at 1374–75. Viewing the defense of failure to exhaust administrative remedies as a matter in abatement properly brought under Rule 12(b) requires that the motion be subject to the rules and practices applicable to the most analogous Rule 12(b) motions.[1] *Id.* at 1376. The *Bryant* court found that a failure-to-exhaust defense is like a defense for lack of jurisdiction because it does not deal with the

---

[1] Federal Rule of Civil Procedure Rule 12(b) identifies procedures for asserting specified defenses, which a party may raise by motion. Fed. R. Civ. P. 12(b). These specified defenses are known as pleas or matters in abatement. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). Matters in abatement challenge the jurisdiction of the court, effectively asking that the case be dismissed due to a legal defense as opposed to the legal sufficiency or factual basis of the plaintiff's claim. *See id.*

merits of the underlying claim. *Id.*

Deciding a motion to dismiss for failure to exhaust administrative remedies under the standard set forth in *Bryant* involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, a court considers the factual allegations in the defendant's motion and the plaintiff's response. *Id.* If they conflict, the court takes the prisoner's allegations as true and determines whether the defendant is entitled to dismissal. *Id.* If the complaint is not subject to dismissal under the first step, "the court proceeds to make specific findings in order to resolve the disputed factual issues relating to exhaustion." *Bryant*, 530 F.3d at 1373–74. Thus, the Court may reach beyond the pleadings to decide the factual dispute over whether the plaintiff exhausted the administrative remedies available to her without converting the motion to one for summary judgment. *See Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005). Additionally, a court may make factual findings necessary to resolve the motions to dismiss for failure to exhaust. *Bryant*, 530 F.3d at 1376.

The burden is on the defendants to prove that the plaintiff has failed to exhaust available administrative remedies. *Id.* However, where the defendants have provided sufficient evidence of a plaintiff's failure to exhaust administrative remedies, courts will require more from the plaintiff than conclusory allegations and self-serving statements. *See Singleton v. Dep't of Corr.,* 323 Fed. App'x 783, 786 (11th Cir. 2009) (requiring more in the record than the plaintiff's own affidavit verifying his compliance with the exhaustion requirements in order to survive the motion to dismiss); *Bispham v. Cleckler*, 2:11-cv-775, 2012 WL 5497974, at *3 (M.D. Ala. Oct. 23, 2012) (rejecting plaintiff's vague and

6

conclusory allegations that he complied with the jail's administrative remedies); *McDowell v. Hughes*, 1:09-cv-376-WHA, 2011 WL 778404, at *3 (M.D. Ala. Feb. 7, 2011) (finding that the plaintiff had provided nothing to refute or explain the defendant's evidence showing that he did not file a single inmate grievance).

Following the procedure laid out by the Eleventh Circuit for determining motions to dismiss for failure to exhaust administrative remedies, the Court, taking Lee's allegations as true must determine if the Defendants' motion may be granted. Accepting Lee's allegations as true—that she submitted multiple grievances—the Defendants' motion to dismiss under the first step would fail. However, Defendants have provided evidence to dispute that Lee exhausted her administrative remedies. Thus, the Court will proceed to the second step of the analysis and "make specific findings in order to resolve the disputed factual issues relating to exhaustion." *Bryant*, 530 F.3d at 1373–74.

In support of their motion, Defendants show that, at all times relevant to this litigation, the Houston County jail had an inmate grievance procedure for inmates who have complaints with prison life. (Doc. #23-2, Ex. E.) The grievance procedure is available to all Houston County Jail inmates, including Lee, and all inmates are or should be aware of the grievance procedure. Indeed, the Inmate Rules which include the grievance procedure, are given to each inmate at booking.[2] (Doc. #23-2, Ex. G.) Additionally, Lee admits in her own affidavit, "I know of the grievance procedures at Houston County Jail." (Doc. #26-1, ¶ 3.) Defendants

---

[2] On March 15, 2012, Lee received a copy of the inmate rules as evidenced by a signed "Clothing Issued Receipt." (Doc. #23-2, Ex. G.)

contend that a search of Lee's inmate file reflects that she never filed any grievances regarding the matters made the subject of her complaint. (Doc. #23.) Defendants also contend in their affidavits that Lee never requested from any of the officers a grievance request form.

In opposition, Lee maintains that she filed numerous grievances with the Houston County Jail that Defendants have withheld from the Court. (Doc. #26-1.) However, Lee does not describe the manner by which she submitted the grievances, the dates that she submitted these grievances, or the names of the officers to which she allegedly submitted these grievances.[3] Rather, Lee vaguely alleges in her response that she "submitted multiple grievances about being denied sanitary napkins and pads." (Doc. #26-1.) Moreover, Lee has offered no actual evidence that Defendants have withheld her grievances other than her own conclusory allegations. Defendants, on the other hand, have provided the Court with evidence of two inmate grievance forms that Lee submitted in 2009 that were included in Lee's inmate file. Lee has provided nothing to refute this evidence.

Further, without deciding the merits of the claim, the Court finds that the medical records produced by the Defendants provide further support for their exhaustion argument. Lee alleges that she submitted multiple grievances regarding the jail staff's failure to provide her with sanitary napkins to pad her excessive bleeding. Yet, nowhere within Lee's medical

---

[3] *See Bure v. Miami-Dade Corr. Dep't*, 507 Fed. App'x 904, 905 (11th Cir. 2013) (resolving the factual dispute over whether the plaintiff submitted a grievance in favor of the correctional officer, even where the plaintiff identified the date he submitted his grievance and the officer to which he submitted the grievance).

8

records is there a medical request form for sanitary napkins. Indeed, the two medical requests submitted by Lee are for complaints of a panic attack and itchy skin. Not to mention, during her routine examination on March 16, 2012, Lee failed to list bleeding as a current medical condition. (Doc. #23-5.)

Based on the proof provided, the Court finds that Lee has failed to make a colorable showing that she exhausted the administrative remedies available to her at the Houston County Jail with respect to her constitutional claims. Other than her self-serving statements, there is no record or documentation that Lee made any complaints to Defendants about being denied sanitary napkins. The Court is persuaded by Defendants' declarations and records, which demonstrate that the grievance procedure was available to Lee and that she failed to utilize it. The Court, therefore, concludes that the claims presented in this matter are subject to dismissal without prejudice[4] because Lee has failed to properly exhaust her administrative remedies.

## IV. CONCLUSION

Based upon the foregoing, it is hereby ORDERED that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. #22) is GRANTED, and Plaintiff's claims against Sheriff Andy Hughes, Commander Deputy Keith Reed, and Corrections Deputies Tammy Sapp, Michael Champion, and Tracey Hunter are DISMISSED

---

[4] Dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice. *Ngo*, 548 U.S. at 87–94; *Bryant*, 530 F.3d at 1374–75.

WITHOUT PREJUDICE.  A separate final judgment is forthcoming.

DONE this the 4th day of September, 2013.

                                              /s/ Mark E. Fuller  
                                    UNITED STATES DISTRICT JUDGE